# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

CHARLES N. BELSSNER,

        Plaintiff,

vs.

ONE NEVADA CREDIT UNION,

        Defendant.

Case No. 2:17-cv-01648-JCM-VCF

**REPORT & RECOMMENDATION**

Before the Court are *pro se* Plaintiff Charles N. Belssner's ("Mr. Belssner's") application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Mr. Belssner's *in forma pauperis* application is granted. The Court, however, recommends that Mr. Belssner's complaint be dismissed with prejudice.

## I. DISCUSSION

Mr. Belssner's filings present two questions: (1) whether Mr. Belssner may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); and (2) whether Mr. Belssner's complaint states a plausible claim for relief. Each is discussed below.

### 1. Mr. Belssner May Proceed *In Forma Pauperis*

Mr. Belssner's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Under § 1915(a)(1), Mr. Belssner submitted a financial affidavit. (*See* ECF No. 1 at 1). According to the affidavit, Mr. Belssner brings in no income and has a minimal checking account balance. Mr. Belssner's

application lists significant expenses. (*See* ECF No. 1 at 2). Mr. Belssner's application to proceed *in forma pauperis* is, therefore, granted.

**2. Mr. Belssner's Complaint Fails to State a Plausible Claim**

   **a. Legal Standard**

Because the Court grants Mr. Belssner's application to proceed *in forma pauperis*, it must review Mr. Belssner's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. (*See* 28 U.S.C. § 1915(e)). The Court's review of Mr. Belssner's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain … a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." (See Fed. R. Civ. P. 8(a)(2)). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." (556 U.S. 662, 680 (2009)). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." (*See Iqbal*, 556 U.S. at 679, 680). Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. (*Id.* at 681).

Second, the Court must determine whether the complaint states a "plausible" claim for relief. (*Id.* at 679). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.* at 678). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

2

common sense." (*Id.* at 679 (citation omitted)). If the factual allegation, which are accepted as true, "do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." (*Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2))).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (*See Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. (*See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted)).

Mr. Belssner brings the instant suit under 15 U.S.C. §§ 45(a) and 53(b) against One Nevada Credit Union ("One Nevada") for allegedly deceptive and unfair practices related to their mortgage services. Mr. Belssner's complaint alleges that One Nevada is mortgage lender who collaborated with Consumer Services of Nevada ("Consumer Services") to provide federally protected mortgages under Fannie Mae guidelines. Mr. Belssner alleges that he was a participant in this nonprofit program. Mr. Belssner alleges that One Nevada, *inter alia*, reneged on promises to reimburse him for various costs, misled him on the status of his application, and misconstrued or ignored evidence to disqualify and avoid providing him a mortgage. Mr. Belssner asserts that he expended significant expense to prepare his financial information for this process. Mr. Belssner seeks "permanent injunctive relief, Restitution, refund of monies paid and other equitable relief."

The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in commerce." (*See* 15 U.S.C. § 45(a)(1)). While it is difficult to discern the specifics of Mr. Belssner's FTCA claim, the FTCA does not provide for a private right of action. (*See Carlson v. Coca Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *see also O'Donnell v. Bank of Am., Nat'l Ass'n*, 504 Fed. Appx. 566, 568 (9th Cir.

3

2013) ("[T]he Federal Trade Commission Act … doesn't create a private right of action."); *Diaz v. Argon Agency Inc.*, CIV. no. 15-00451 JMS-BMK, 2015 WL 7737317, at *3 (D. Haw. Nov. 30, 2015) (concluding the same); *Minichino v. Piilani Homeowners Ass'n*, no. CV 16-00461 DKW-RLP, 2016 WL 7093431, at *4 (D. Haw. Dec. 2, 2016) (same); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 27:119 (4th ed. 2017) ("While it has often been argued that a private right to sue for a violation of the FTC Act's prohibitions should be implied, the courts have consistently held that there is no such private right to sue. That is, only the FTC, as a federal agency, has the power to issue cease and desist orders, obtain civil penalties, or file suit for violation of the FTC Act.")).

Because Mr. Belssner cannot enforce the FTCA, granting leave to amend would be futile. Accordingly, Mr. Belssner's claim should be DISMISSED without leave to amend.

ACCORDINGLY,

IT IS ORDERED that Mr. Belssner's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (*See* ECF No. 1-1).

IT IS FURTHER ORDERED that Mr. Belssner is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Mr. Belssner's complaint be DISMISSED with prejudice. (*See* ECF No. 1-1).

/ / /

/ / /

/ / /

# NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED and RECOMMENDED.

DATED this 2nd day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE