UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>Plaintiff(s),<br><br>v.<br><br>ONE NEVADA CREDIT UNION,<br><br>Defendant(s). | Case No. 2:17-CV-1648 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *Belssner v. One Nevada Credit Union*, case number 2:17-cv-01648-JCM-VCF. The case is currently on appeal. (ECF No. 9). However, the court of appeals has remanded the matter to this court for the following, limited purpose:

> This matter is referred to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).
>
> If the district court elects to revoke in forma pauperis status, the district court is requested to notify this court and the parties of such determination within 21 days of the date of this referral. If the district court does not revoke in forma pauperis status, such status will continue automatically for this appeal pursuant to Fed. R. App. P. 24(a).

(ECF No. 11).

Mr. Belssner brings the instant suit under the Federal Trade Commission Act (FTCA), specifically under 15 U.S.C. §§ 45(a) and 53(b), against One Nevada Credit Union for allegedly deceptive and unfair practices related to their mortgage services. However, the FTCA does not provide for a private right of action. *See Carlson v. Coca Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) ("This circuit has held that private

**James C. Mahan**
**U.S. District Judge**

litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by s 5(a)(1). The Act rests initial remedial power solely in the Federal Trade Commission.") (citing *Carlson*); *see also O'Donnell v. Bank of Am., Nat'l Ass'n*, 504 Fed. Appx. 566, 568 (9th Cir. 2013) (unpublished) ("[T]he Federal Trade Commission Act ... doesn't create a private right of action."); *Diaz v. Argon Agency Inc., CIV*, No. 15-00451 JMS-BMK, 2015 WL 7737317, at *3 (D. Haw. Nov. 30, 2015) (concluding the same); *Minichino v. Piilani Homeowners Ass'n*, No. CV 16-00461 DKW-RLP, 2016 WL 7093431, at *4 (D. Haw. Dec. 2, 2016) (same); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 27:119 (4th ed. 2017) ("While it has often been argued that a private right to sue for a violation of the FTC Act's prohibitions should be implied, the courts have consistently held that there is no such private right to sue. That is, only the FTC, as a federal agency, has the power to issue cease and desist orders, obtain civil penalties, or file suit for violation of the FTC Act.")).

Further, since the Ninth Circuit first decided there is no private cause of action under the FTCA, the United States Supreme Court has substantially narrowed its approach to deciding whether a statute allows for a private cause of action. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–58 (2017). Starting with two principal cases in 1975 and 1977, the United States Supreme Court has adopted a more cautious approach to determining whether a statute allows for a private cause of action. *See Ziglar*, 137 S. Ct. at 1855; *Piper v. Chris–Craft Industries, Inc.*, 430 U.S. 1, 42, 45–46 (1977); *Cort v. Ash*, 422 U.S. 66, 68–69 (1975). The determinative question now is simply one of statutory intent. *Ziglar*, 137 S. Ct. at 1855–56. "If the statute itself does not 'displa[y] an intent' to create 'a private remedy,' then 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'" *Id.* at 1856. The court further noted that "[i]t is logical . . . to assume that Congress will be explicit if it intends to create a private cause of action." *Id.*

The Ninth Circuit decided in *Carlson* that there was no private cause of action under the FTCA at a time when federal caselaw was more liberal than today in its approach to finding implied rights of action under a federal statute. The court reiterated the same decision a few years later in *Dreisbach v. Murphy*, a 1981 published opinion, 658 F.2d at 730, and then in the 2013

James C. Mahan
U.S. District Judge

- 2 -

unpublished case of *O'Donnell v. Bank of Am., Nat'l Ass'n*, 504 Fed. Appx. at 568. Therefore, following the principle of stare decisis, it is unlikely that the Ninth Circuit would abrogate its ruling that there is no private cause of action under the FTCA and, therefore, Belssner's appeal is frivolous. Accordingly, Belssner's in forma pauperis status is hereby revoked.

It is so ordered.

DATED September 19, 2017.

                                                            UNITED STATES DISTRICT JUDGE